UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-81190-CIV-HURLEY/HOPKINS

JIMMY COMSTOCK,

        Plaintiff,

vs.

FLORIDA METAL RECYCLING, LLC
and ROBERT RICHARDSON,

        Defendants.

_____/

**REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT (DE 19, 23)**

**THIS CAUSE** has come before this Court upon an Order Referring Plaintiff's Motion to Enforce the Settlement to the undersigned United States Magistrate Judge for a Report and Recommendation. (DE 22). Plaintiff's motion, filed on February 23, 2009, seeks to enforce a mediated settlement agreement entered into by the parties on January 21, 2009. (DE 19). On March 19, 2009, when the period in which to respond to the motion had expired, and Defendants had not filed any response, Plaintiff filed a motion requesting that his motion be granted by default. (DE 23). The following day, the Court issued an Order to Show Cause to Defendants to respond within five days or risk this Court recommending that the District Court grant Plaintiff's motion. (DE 24). Despite this warning, Defendants failed to respond to the Court's Order to Show Cause within the allotted time. Thus, this matter is now ripe for review. After considering

the motion, Defendants' lack of a response to it or this Court's Order, and being otherwise advised on the premises, this Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion to Enforce the Settlement.

## BACKGROUND

Plaintiff brought this lawsuit under the Fair Labor Standards Act (FLSA) alleging that Defendants failed to pay him overtime wages for time he worked in excess of forty hours per week. (DE 7). On January 21, 2009, with the assistance of a mediator, the parties reached a settlement agreement. *See* Mediator's Report (DE 17).

The parties signed a one-page, handwritten settlement agreement on the date of their mediation, setting forth the material terms of their agreement. *See* Mediation Settlement Agreement (DE 19, Exhibit A). The agreement states that Defendants will pay Plaintiff $9,500.00 to settle his FLSA claims. *Id.* It further provides that Plaintiff will execute a general release and that the parties will file a joint stipulation of settlement. *Id.* According to Plaintiff, "the parties had anticipated at Mediation that they would later sign a longer, type-written settlement agreement, which Defendants' Counsel was to promptly prepare." (DE 19 at ¶ 3). Although defense counsel sent plaintiff's attorney a proposed draft of a longer agreement following the mediation, the parties failed to reach agreement on the language. (DE 19 at ¶ 4-6). With the instant motion, Plaintiff seeks to enforce the handwritten agreement signed by the parties.

**DISCUSSION**

At the outset, the Court finds that based on Defendants' failure to respond to the motion, Plaintiff's motion to enforce the settlement should be granted by default. *See* S.D. Fla. L.R. 7.1.C (April 2009)(explaining that failure to file a memorandum in opposition "may be deemed sufficient cause for granting the motion by default"); *Mastercard Int'l Inc., v. Ishak*, 2004 WL 1059795, *2–*3 (S.D. Fla. Mar. 11, 2004)(defendants' failure to respond to the motions was sufficient cause to grant the plaintiff's motions by default). Since Defendants do not appear to dispute that the parties entered into an agreement as to the material terms of the settlement, Plaintiff's motion could be granted and the settlement enforced on this basis alone.

However, even if Defendants had filed a response to the motion, and the Court were to consider the merits of the motion, the Court is nevertheless convinced that it would reach the same conclusion.

In determining whether a settlement agreement is enforceable, Florida law requires that the agreement be "sufficiently specific and mutually agreeable on every essential agreement." *Vital Pharmaceuticals, Inc. v. S.A.N. Nutrition Corp.*, 2007 WL 1655421, *6 (S.D. Fla. June 6, 2007)(*citing Don L. Tullis & Assocs. v. Benge*, 473 So.2d 1384, 1386 (Fla. App. 1985)). The party seeking enforcement of a settlement agreement has the burden of establishing assent by the opposing party. *See Vital Pharmaceuticals, Inc.*, 2007 WL 1655421 at *6 (*citing Williams v. Ingram*, 605 So.2d 890, 893 (Fla. App. 1992). "Execution of the settlement agreement is not a condition precedent to a settlement agreement, but rather is merely a procedural formality. Rather, courts look to traditional notions of offer and acceptance, and basic contract law, to determine whether an enforceable contract exists. Settlement agreements are highly favored, and

will be enforced whenever possible." *Vital Pharmaceuticals, Inc.*, 2007 WL 1655421 at *6 (*internal citations and quotations omitted*).

      Here, the Court finds that the handwritten Mediation Settlement Agreement is sufficient evidence to establish that the parties had a meeting of the minds as to the essential terms of the settlement in that it memorializes the specific duties and expectations of each party.  The agreement is signed by both parties, is supported by consideration, and establishes mutual assent to the material terms of the settlement.  The agreement does not contain any language indicating that it would only become binding once the parties singed a longer, typed contract.  In fact, nowhere does the agreement reference such a supplemental contract.  *See Vital Pharmaceuticals, Inc.*, 2007 WL 1655421 at *6 (court found draft settlement agreement binding where there was "no objective evidence in the record" from which to conclude that the parties did not intend to be bound until the agreement was subsequently prepared as a formal written contract and fully executed).

      In light of the foregoing, the Court finds that the parties' Mediation Settlement Agreement should be enforced.[1]

---

[1] Given that this case was brought pursuant to the FLSA, the settlement will require Court approval.  On April 7, 2009, this Court directed the parties to file a joint motion to approve the settlement by April 21, 2009.  (DE 25).  To date, the parties have failed to file such a motion.  Therefore, to the extent Plaintiff's motions also seek the entry of judgment, at this juncture, this Court can only recommend enforcement of the agreement.  *See Christopher v. Damiano Long, LLC,* 2007 WL 1839288, *2 (M.D. Fla. June 26, 2007)(court addressed enforcement of parties' unsigned FLSA settlement agreement before considering whether the agreement should be approved as consistent with the FLSA).

## RECOMMENDATION TO THE DISTRICT COURT

Accordingly, this Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion to Enforce the Settlement. (DE 19, 23).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, District Court Judge for the Southern District of Florida, within ten (10) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** in Chambers this _29th_ day of April, 2009, at West Palm Beach in the Southern District of Florida.

*/s/ James M. Hopkins*

_____
 JAMES M. HOPKINS
 UNITED STATES MAGISTRATE JUDGE

Copies to:
The Hon. Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida
Counsel of Record