UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-81190-CIV-HURLEY/HOPKINS

JIMMY COMSTOCK,

        Plaintiff,

vs.

FLORIDA METAL RECYCLING, LLC
and ROBERT RICHARDSON,

        Defendants.

_____/

## REPORT AND RECOMMENDATION AS TO PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (DE 28)

**THIS CAUSE** has come before this Court upon an Order Referring Plaintiff's motions to enforce and approve the parties' settlement agreement to the undersigned United States Magistrate Judge for a Report and Recommendation. (DE 22). The parties' Joint Motion for Approval of the Settlement Agreement (DE 28) was filed on April 30, 2009. On May 6, 2009, the Court directed Plaintiff's counsel to file supplemental documentation regarding the attorney's fees sought. Plaintiff's counsel filed the additional documentation on May 21, 2009. (DE 30). Thus, this matter is now ripe for review. After considering the motion and Plaintiff's counsel's supplemental briefing, and being otherwise advised on the premises, this Court **RECOMMENDS** that the District Court **GRANT** the parties' Joint Motion to Approve the Settlement. (DE 28).

**BACKGROUND**

Plaintiff brought this lawsuit under the Fair Labor Standards Act (FLSA) alleging that Defendants failed to pay him overtime wages for time he worked in excess of forty hours per week. (DE 7). On January 21, 2009, the parties engaged in mediation and according to the mediator's report, they reached a settlement. (DE 17). On April 29, 2009, this Court recommended that the District Court enforce that settlement agreement. (DE 26).

The parties have advised the Court that Defendants have agreed to pay Plaintiff $9,500.00 to settle his FLSA claim. (DE 28). That amount will be divided as follows: $2,300.00 for Plaintiff's overtime wages; $2,300.00 in liquidated damages; $4,065.00 for Plaintiff's attorney's fees; and $835.00 in costs. (DE 28 at ¶ 4). The motion states that Plaintiff claimed overtime wages of approximately $16,690.00. (DE 28 at ¶ 5). Had Plaintiff prevailed at trial, he may also have been entitled to liquidated damages in an equal amount. However, the parties contend that this settlement is "fair and reasonable" because of an FLSA exemption which, if applicable, may have precluded any recovery by Plaintiff. (DE 28 at ¶ 2, 6).

**DISCUSSION**

It is well settled that in FLSA cases, unless the employer "offers the plaintiff full compensation on his FLSA claim [and] no compromise is involved," the employer and employee must present the proposed settlement to the Court for approval. *Su v. Electronic Arts, Inc.,* 2006 WL 4792780, *3 (M.D. Fla. Aug. 29, 2006)(*citing Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor,* 679 F.2d 1350, 1354-55 (11th Cir. 1982)). Before approving the settlement, the Court "must scrutinize [it] to determine whether it is a fair and reasonable resolution of a

bona fide dispute." *Silva v. Ole' Ole', LLC*, 2006 WL 3391277, *1 (M.D. Fla. Nov. 22, 2006).

Here, based upon counsel's representation that this outcome is fair in light of Plaintiff's probability of success on the merits and that the settlement was reached without coercion, collusion or undue influence, this Court is satisfied that the settlement agreement is a "fair and reasonable" resolution of a bona fide dispute over Plaintiff's FLSA claims pursuant to *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor,* 679 F.2d 1350, 1354-55 (11th Cir. 1982).

Courts must also assess the reasonableness of any attorney's fees included in an FLSA settlement. *See Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F. Supp. 2d 1259, 1262 (M.D. Fla. July 28, 2008)("the intent to ensure a reasonable attorney's fee and just compensation to Plaintiff is embodied in *Lynn's Food*, 679 F.2d at 1352-53, and is stated in the FLSA itself . . . [where] there is a settlement amount of which Plaintiffs will take what is not given to the attorneys, the need to protect Plaintiffs' recovery also includes the need to ensure attorney's fees are reasonable.").

In assessing the reasonableness of attorney's fees to be awarded following an FLSA settlement, courts use the lodestar method. *See Prater v. Commerce Equities Management Co., Inc.,* 2008 WL 5140045, *3 (S.D. Tex. Dec. 8, 2008)(*citing Strong v. Bellsouth Telecomm., Inc.*, 137 F.3d 844, 850 (5th Cir. 1998)). Thus, the plaintiff's attorney must provide the court with documentation showing the number of hours expended, as well as support for the claimed hourly rate. *See American Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate") (*citing Blum v. Stenson*, 465 U.S. 886, 888 (1994)). The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal

3

community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)).

Here, Plaintiff seeks a total of $4,065.00 in attorney's fees. The billing records provided by Plaintiff's counsel indicate that substantially more time was billed to this case than the amount sought by Plaintiff reflects. However, the Court need focus solely on the time billed by Plaintiff's lead attorney, Keith M. Stern, Esq., from the inception of this case in the fall of 2008 until the settlement in January 2009. During that time frame, Mr. Stern billed 15.8 hours prosecuting this case, at an hourly rate of $265.00. According to Mr. Stern's affidavit, he has been practicing law for nine years and has focused his practice in the area of labor and employment law, representing nearly 2,000 plaintiffs during that time. *See* Stern Aff. at ¶ 9-10, 12 (DE 30). Mr. Stern states that he has previously been awarded an hourly rate of $265.00 by other courts in this district. *Id.* at ¶ 14.

Having reviewed the qualifications and experience of Mr. Stern, this Court finds his claimed hourly rate of $265.00 to be reasonable. *See CC-Aventura, Inc. v. Weitz Co., LLC*, 2008 WL 276057 at *2 (S.D. Fla. Jan. 31, 2008)(court found $200 was reasonable hourly rate for new attorney and $400 was reasonable for senior associate); *DiFrancesco v. Home Furniture Liquidators, Inc.,* 2008 WL 54401, *4 (S.D. Fla. Jan. 2, 2008)(court found $250 to be reasonable hourly rate based on counsel's reputation and experience in the area of FLSA litigation).

With regard to the hours Mr. Stern spent on this case, the Court has reviewed his billing records and the detailed breakdown provided at each entry and finds the 15.8 hours spent on this case to be reasonable. The Court notes that if Mr. Stern was compensated for the 15.8 hours he

4

spent on this case at an hourly rate of $265.00, the attorney's fee award in this case would be $4,187.00, however, Mr. Stern has reduced the amount of attorney's fees sought to $4,065.00. Based on the foregoing, the Court finds the attorney's fee as agreed to in the parties' settlement agreement to be reasonable and recommends that the District Court approve it.

## RECOMMENDATION TO THE DISTRICT COURT

Accordingly, this Court **RECOMMENDS** that the District Court **GRANT** the parties' Joint Motion for Approval of the Settlement Agreement.  (DE 28).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, District Court Judge for the Southern District of Florida, within ten (10) days of being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983).  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** in Chambers this 26 day of May, 2009, at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Hon. Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida
Counsel of Record